

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street 7th floor   973-645-2700*
*Newark, New Jersey 07102*

October 23, 2018

Brandon D. Minde, Esq.
Dughi, Hewit & Domalewski, PC
340 North Avenue
Cranford, NJ 07016

*18-624*

Re:   Plea Agreement with Lizaida Camis

Dear Mr. Minde:

This letter sets forth the plea agreement between your client, Lizaida Camis ("Camis"), and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Camis to Count 2 of the Indictment in United States v. Camis, Crim. No. 18-624 (WJM), which charges her with conspiring to use the mails to promote a voter bribery scheme, contrary to 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371. If Camis enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Camis for her role in promoting a voter bribery scheme in Hoboken, New Jersey in or about 2013. In addition, if Camis fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count 1 of the Indictment, Criminal No. 18-624 (WJM), against Camis.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Camis agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Camis (including any charges not time-barred under tolling agreements signed by the parties) may be commenced against her, notwithstanding the expiration of the limitations period after Camis signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 371 to which Camis agrees to plead guilty carries a statutory maximum term of 5 years' imprisonment and a statutory maximum fine of: (1) $250,000; (2) twice the amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Camis is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Camis ultimately will receive.

Further, in addition to imposing any other penalty on Camis, the sentencing judge: (1) will order Camis to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) pursuant to 18 U.S.C. § 3583, may require Camis to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Camis be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Camis may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Camis by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Camis's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Camis agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the

right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Camis from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Camis waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Camis understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Camis understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Camis wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Camis understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Camis waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Camis. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Camis.

3

No provision of this agreement shall preclude Camis from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Camis received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Camis and this Office and supersedes any previous plea agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Rahul Agarwal
Sean Farrell
Assistant U.S. Attorneys

APPROVED:

Lee M. Cortes, Jr.
Deputy Chief, Special Prosecutions Division

    I have received this letter from my attorney, Brandon D. Minde, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                              Date: 10/31/18
Lizaida Camis

    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                              Date: 10/31/18
Brandon D. Minde, Esq.

Plea Agreement with Lizaida Camis

Schedule A

1.      This Office and Lizaida Camis recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Lizaida Camis nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3.      The applicable guideline for conspiracy is U.S.S.G. § 2X1.1(a), which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense. The guideline for the substantive offense is U.S.S.G. § 2E1.2. Pursuant to U.S.S.G. § 2E1.2(a) n.2, because the underlying offense is a violation of state law, the offense level from the most analogous federal offense applies. The most analogous federal offense is 52 U.S.C. § 10307(c). Accordingly, the applicable guideline is U.S.S.G. § 2H2.1 (Obstructing an Election). Pursuant to U.S.S.G. § 2H2.1(a)(2), the base offense level is 12.

4.      As of the date of this letter, Camis has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Thus, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Camis's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

5.      In accordance with the above, the parties agree that the total Guidelines offense level applicable to Camis is 10.

6.      The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

7.      Camis knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court

accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        8.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.